## KEMPSON *v.* GOSS.

### Opinion delivered June 29, 1901.

1.  STEP-CHILDREN—QUASI PARENTAL RELATION.—Where one voluntarily assumed the parental relation towards minor children of his wife, under circumstances that raised a presumption that he undertook to support them gratuitously, he cannot afterwards claim compensation for their support. (Page 453.)

2.  RIGHT TO TERMINATE RELATIONSHIP.—Where one who had assumed the relationship of *quasi* parent towards his minor step-children moved from their home, leaving them, it will be presumed that he elected to sever the relationship, and he may recover for necessaries subsequently furnished to them by him. (Page 453.)

Appeal from White Circuit Court.

HANCE·N. HUTTON, Judge.

#### STATEMENT BY THE COURT.

·Appellant intermarried with the mother of appellees ·after the ·death of their father, and moved upon the place left them by their ·father; which was their homestead. Here he

lived, having voluntarily assumed the care and support of appellees, until about two months and ten days after the death of his wife, when he moved away from the place, leaving appellees living thereon. But he had planted a crop, and had rented out part of the place, and, after moving away, he continued to cultivate his crop, and gathered same, and collected the rents and profits for the year 1898.

This suit is by appellees for the use and occupation of the land for the year 1898, alleging damages at $125. Appellant denied the claim of plaintiffs, and set up by way of set-off and counter-claim an account for the board of appellees, amounting to $46.60, and a cook stove and provisions, amounting to $24.27, and other articles of provisions and furniture, not itemized.

The appellant testified as to the items set up in his counter-claim, as follows: "After the death of my wife, the mother of the plaintiffs, I remained on the premises and cultivated my crop until I moved to my own home place, on the 9th day of July, 1898, which was two and one-third months, and during that time I boarded, clothed and provided for all the plaintiffs, worth $5 per month for each of them; and when I moved I provided for them, and left with them one cook stove worth $8, 123 pounds of bacon worth $9.66, 80 pounds of lard worth $6.66, besides other provisions and household and kitchen furniture, worth at least $25 or $30." He also offered to prove these items and charges by other witnesses, which the court would not permit, to which ruling appellant duly saved his exceptions.

The court also instructed the jury as follows, over appellant's objection: "The jury are instructed that it was the duty of the defendant to provide for the plaintiffs, who were minor children of his wife and members of his family, and it was his duty to provide for and take care of them, without charging for board and the necessaries of life."

*Ben Isbell,* for appellant.

Appellant was not liable for rents until the death of his wife, who owned a life estate in the land. 36 Ala. 80; 47 Ark. 457; 9 Am. & Eng. Enc. Law, 843. The remarks of the court in pointing out the duty of the defendant to the plaintiffs were improper. 1 Thompson, Trials, § 218. The testimony of John W. Smith was improperly excluded. 1 Thompson, Trials, § 678. A stepfather is not in law compelled to support step-children. 14 Pick.

(Mass.), 510; 72 Ill. 545; 128 Mass. 287; 30 Me. 270; 33 Ill. 21; 113 Ill. 1161; 4 Wend. 403.

*Grant Green,* for appellee.

The appellant, having placed himself *in loco parentis,* must bear the burdens incident thereto. Schouler, Dom. Relations, 273; Lawson, Rights, Remedies and Pr. § 810; 2 S. W. Rep. 552; 45 Ark. 237. The children could recover rent for land from death of the mother. Sand. & H. Dig., § 4453.

Wood, J., (after stating the facts). In the absence of a statute requiring it, one is not bound to maintain the minor children of his wife by former husband. But where he voluntarily assumes the parental relation to such children, under circumstances that "raise a presumption that he has undertaken to support them gratuitously, he cannot afterwards claim compensation for their support." *In re Besondy,* 32 Minn. 385, S. C. 50 Am. Rep. 579. And it is well settled by the authorities that where he takes such children into his family, and keeps them as a part thereof, standing *in loco parentis* to such children, he is subject to the corresponding duties and liabilities of such relation, one of which is to suitably maintain and provide for them. Rodgers, Dom. Rel. § 496, and numerous authorities cited; Schouler, Dom. Rel. § 273, and authorities cited. The duties and liabilities grow out of the relation, and cease when it ceases. The relation may end at any time by the election of either. Rodgers, Dom. Rel. § 496.

Applying these principles to the facts, if it could be said that appellant, so long as he lived with appellees and kept them as a part of his family, stood to them *in loco parentis,* this certainly was not the case after he left them and established his home at another place, and indicated his purpose thereby no longer to treat them as part of his family. The purpose not to be so treated was as clearly manifested by the appellees in the institution of this suit for the use and occupation of the premises. At least, these were questions which the court might have well submitted to the jury under proper instructions. The court's refusal to permit evidence other than that of appellant himself, as to the stove and provisions furnished appellees after appellant left them, was error, and the instruction, under the proof, was not so limited and qualified as to make a correct statement of the law.

The articles furnished appellees, it appears, were for their necessary support. As the jury was instructed that it was ·the

duty of appellant to provide for the appellees, the items mentioned by way of set-off and counter-claim could not ·have been taken into consideration. We believe that the errors herein indicated can be cured by a remittitur of $24.27, the amount of the items actually specified in the amended answer, and if this is done in ten days the judgment will be affirmed; otherwise, reversed and remanded for a new trial.